**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **PEPSICO, INC.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:05CV24-DJS |
| ) | |
| **WEN AMERICA, L.L.C.,** ) | |
| ) | |
| Defendant. ) | |

### ORDER

Now before the Court is defendant's memorandum to show cause why defendant's pleadings should not be struck [Doc. #43]. On August 5, 2005, defendant requested its first extension of time to respond and object to plaintiff's discovery. Defendant was given six extensions of time to object and/or respond to plaintiff's first requests for production of documents. In response to defendant's "final" request for an extension of time, the Court's order of September 30, 2005 [Doc. #37] required defendant to deliver to plaintiff's counsel a written response as well as the documents to be produced no later than October 10, 2005. Defendant did not comply. Defendant also did not reply to plaintiff's motion for sanctions or, alternatively, to compel discovery [Doc. #38] filed on October 17, 2005.

The Court's order of November 4, 2005 [Doc. #42] required that defendant show cause why its pleadings should not be struck. The order also required defendant to provide plaintiff's counsel

with defendant's response to plaintiff's first request for production of documents as well as the documents to be produced and "full and complete" answers to questions 2, 3, 4, 7, 8, and 10 of plaintiff's first set of interrogatories. Defendant filed a memorandum to show cause [Doc. #43] on November 14, 2005 and asserted that it had fulfilled the Court's requirements. Defendant did not offer an explanation as to why it failed to follow the Court's order of September 30, 2005.

Plaintiff filed a response to defendant's memorandum to show cause [Doc. #44] on November 18, 2005 noting several deficiencies in defendant's responses and disclosures. Plaintiff again requested that the Court strike defendant's pleadings and award plaintiff the costs of pursuing its motion for sanctions, including reasonable attorney's fees. To date defendant has not replied to plaintiff's response.

The Court's order of November 4, 2005 [Doc. #42] required that, pursuant to Fed. R. Civ. P. 34(b), defendant organize and label all documents it produced to correspond with the categories in the document requests. In defendant's "final" request for an extension of time [Doc. #35], it informed the Court that it needed extra time "to organize the responsive documents." It appears that defendant failed to use the extension of time to organize the documents. Plaintiff reports that defendant produced three specific documents and four boxes of other documents. According to

2

plaintiff, the documents in the boxes were neither labeled nor organized to correspond with the categories in plaintiff's requests. Defendant has failed to comply with the Court's order compelling production of documents and with Fed. R. Civ. P. 34(b).

Defendant has also failed to give complete responses to plaintiff's document requests. Plaintiff's document request number 14 asked for "All documents that contain, concern or reflect any calculation WenAmerica has made concerning the amounts it believes is owed to PepsiCo under the Agreement and/or the Addendum." (Pl.'s Doc. Req. [Doc. #39.2] at 6). Defendant responded, "Defendant has not had the opportunity to reconcile, and thus is not in possession of same. Will supplement after such calculation is made." (Def.'s Resp. to Pl.'s Doc. Req. [Doc. #44.1] at 4). Plaintiff initially requested the documents on July 7, 2005. Over four months elapsed before defendant responded, but it still had not calculated the amount it believes is owed to plaintiff.

Defendant has also failed to comply with the Court's order to provide "full and complete" answers to questions 2, 3, and 4 of plaintiff's first interrogatories. In response to interrogatories 2.c, 3.c, and 4.c, defendant references the documents produced in response to plaintiff's request for production of documents. (Def.'s Answer to Certain of Pl.'s First Interrogs. [Doc. #44.2] at 2-4). As noted above, the documents produced were not labeled or organized as required in Rule 34(b).

3

References to four unorganized boxes full of documents do not constitute "full and complete" responses to plaintiff's interrogatories.

Pursuant to Fed. R. Civ. P. 37(b)(2)(C), the Court will strike defendant's answer due to defendant's repeated failures to comply with the Court's orders to provide discovery. Pursuant to Fed. R. Civ. P. 37(a)(4)(A), the Court will grant plaintiff's request for an award of attorney's fees and expenses incurred in bringing the motion for sanctions in the amount of ONE THOUSAND and 00/100 DOLLARS ($1,000.00).

Accordingly,

**IT IS HEREBY ORDERED** that defendant's answer [Doc. #10] is struck pursuant to Fed. R. Civ. P. 37(b)(2)(C).

**IT IS FURTHER ORDERED** that defendant shall remit payment of ONE THOUSAND and 00/100 DOLLARS ($1,000.00) to plaintiff's counsel within ten (10) days of the date of this order pursuant to Fed. R. Civ. P. 37(a)(4)(A), and file with the Court a notice indicating defendant's compliance with this order.

Dated this ____9th____ day of December, 2005.

/s/ Donald J. Stohr
UNITED STATES DISTRICT JUDGE