**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **PEPSICO, INC.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:05CV24-DJS |
| | ) |
| **WEN AMERICA, L.L.C.,** | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Plaintiff Pepsico, Inc., also known as Pepsi Cola Company, brings the instant action against Wen America, L.L.C., a franchisee of Wendy's restaurants, alleging defendant's breach of an agreement covering plaintiff's sale to defendant of "postmix products," concentrated syrup for the preparation of soft drinks. On December 9, 2005, the Court struck defendant's answer due to defendant's repeated failures to comply with its discovery obligations, the Court's orders, and the Federal Rules of Civil Procedure. Now before the Court is plaintiff's motion for entry of judgment on the pleadings or for default judgment [Doc. #46].

"If the court determines that defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and

Procedure § 2688 at 58-59 (3d ed. 1998). "Once the court determines that a judgment by default should be entered, it will determine the amount and character of the recovery that should be awarded. . . . If the sum is not certain or capable of easy computation, the court may hold whatever hearing or inquiry it deems necessary." Id. at 63, 64. Furthermore, "when defendant contests the amount of the claim, a hearing may be required on the issue of damages, since a default judgment does not concede the amount demanded." Id. at 67.

Pursuant to Fed. R. Civ. P. 55(B)(2), the Court will hold a hearing concerning the amount of damages owed to plaintiff. All facts averred in plaintiff's complaint, except those relating to damages, are deemed admitted. The following facts are among those deemed admitted.

In March 1998, the parties entered into a written contract where defendant agreed to purchase 1,000,000 gallons of postmix products, and plaintiff advanced $1,000,000 in conversion funds to defendant. In April 1998, the parties signed an addendum to their agreement by which defendant agreed to purchase an additional 500,000 gallons of postmix products and plaintiff advanced $819,040 in conversion funds to defendant. On March 31, 2004, defendant terminated the parties' contract after plaintiff had sold and delivered 708,737 gallons of postmix products to defendant. The contract sets out that defendant would pay plaintiff seventy-five cents ($0.75) per unpurchased gallon of

postmix products as liquidated damages should defendant terminate the contract. The contract also sets out that plaintiff is entitled to pre-judgment interest on all amounts due it from defendant from March 31, 2004 -- the date of defendant's breach and repudiation of the parties' contract -- to the date of judgment at the Missouri statutory rate of nine (9) percent per annum. See Mo. Rev. Stat. § 408.020. At the time the contract was terminated, defendant had not yet paid plaintiff for some of the postmix products that were sold and delivered to defendant -- the amount of which was not specified in the complaint. Also at the time the contract was terminated, plaintiff owed defendant rebates, which partially offset the amount defendant owes plaintiff.

At the hearing, each party will be permitted to offer evidence concerning 1) the amount of postmix products sold and delivered to defendant for which defendant has not paid, 2) the price of the products sold and delivered to defendant for which defendant has not paid, 3) the amount of rebates due to defendant from plaintiff, 4) the proper calculation of conversion funds that defendant owes to plaintiff, and 5) the proper calculation of the amount of prejudgment interest owed to plaintiff from defendant.

Also before the Court is plaintiff's motion to strike offer of judgment [Doc. #53]. On December 27, 2005, defendant filed an offer of judgment [Doc. #50]. Plaintiff has not accepted defendant's offer of judgment. Rejected offers of judgment are not admissible except for the limited purpose relating to costs, as set

forth in Fed. R. Civ. P. 68. The Court is not persuaded to strike the offer of judgment from the record. However, the Court will disregard the offer of judgment, except as it pertains to the Court's determination, if any, of costs.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall enter a default against defendant.

**IT IS FURTHER ORDERED** that a hearing on plaintiff's motion for default judgment is set for **Wednesday, February 22, 2006 at 10:00 a.m.** At that time, the parties shall appear and present testimony and other evidence consistent with the memorandum included with this order.

**IT IS FURTHER ORDERED** that no later than **February 10, 2006**, plaintiff shall file a supplemental memorandum in support of its motion for default judgment in which plaintiff shall explain its calculation of the damages alleged in its motion for entry of judgment on the pleadings or for default judgment [Doc. #46], including the amounts of interest and conversion funds owed.

**IT IS FURTHER ORDERED** that no later than **February 10, 2006**, plaintiff shall file a proposed default judgment.

**IT IS FURTHER ORDERED** that no later than **February 10, 2006**, the parties shall file:

1. A list of witnesses to be called at the hearing;
2. A list of exhibits to be offered at the hearing;

3. A list of all interrogatory answers or parts thereof and depositions or parts thereof (identified by page and line numbers), and answers to requests for admissions proposed to be offered in evidence.

**IT IS FURTHER ORDERED** that plaintiff's motion to strike offer of judgment [Doc. #53] is denied.

Dated this ___11th___ day of January, 2006.

                                              /s/Donald J. Stohr
                                              UNITED STATES DISTRICT JUDGE