**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **PEPSICO, INC.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:05CV24-DJS |
| ) | |
| **WEN AMERICA, L.L.C.,** ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff PepsiCo, Inc., also known as Pepsi Cola Company, brought the instant action alleging that defendant WenAmerica, L.L.C., a franchisee of Wendy's restaurants, breached a contract and addendum thereto covering plaintiff's sale to defendant of "postmix products" (concentrated syrup for the preparation of soft drinks), and that defendant has been unjustly enriched by its retention of unearned "conversion funds" advanced to defendant pursuant to the agreement. On December 9, 2005, the Court struck defendant's answer due to defendant's repeated failures to comply with its discovery obligations, the Court's Orders, and the Federal Rules of Civil Procedure. Pursuant to the Court's order of January 11, 2006, the Clerk entered a default against defendant and all facts averred in plaintiff's complaint, except those relating to damages, are deemed admitted. On February 22, 2006, the Court held a hearing concerning the amount of damages

owed to plaintiff. Plaintiff and defendant appeared and presented testimony and other evidence. Now before the Court is plaintiff's motion for judgment on the pleadings or for default judgment.

Based on the evidence adduced at the hearing, the facts deemed admitted pursuant to the Court's Order of January 11, 2006, and the entire record herein, the Court makes the following findings and conclusions. In March 1998, plaintiff entered into a written contract with defendant in which defendant agreed to purchase 1,000,000 gallons of postmix products and plaintiff advanced $1,000,000 in "conversion funds" to defendant. In April 1998, the parties signed an addendum to their agreement by which defendant agreed to purchase an additional 500,000 gallons of postmix products and plaintiff advanced an additional $819,040 in "conversion funds" to defendant. On March 31, 2004, defendant terminated the parties' contract after plaintiff had sold and delivered 708,737 gallons of postmix products to defendant.

The contract sets out that, in addition to other remedies, defendant would pay plaintiff seventy-five cents ($0.75) per unpurchased gallon of postmix products as liquidated damages should defendant terminate the contract. The contract also sets out that plaintiff is entitled to pre-judgment interest on all amounts due it from defendant from March 31, 2004 -- the date of defendant's breach and repudiation of the parties' contract -- to the date of judgment at the Missouri statutory rate of nine (9)

percent per annum. See Mo. Rev. Stat. § 408.020. At the time the contract was terminated, defendant owed plaintiff $170,389.16 for postmix products that had already been sold and delivered to defendant, and plaintiff owed defendant rebates in the amount of $88,763.85.

At the February 22, 2006, hearing, defendant orally stipulated that it owed plaintiff all requested damages excepting the damages related to the "conversion funds" advanced to defendant pursuant to the contract and addendum. Plaintiff adduced evidence that the contract and addendum both characterize the transfer of the "conversion funds" as advances, implying that the funds would eventually either be returned or earned by defendant. Additionally, defendant would be unjustly enriched were it permitted to keep the unearned "conversion funds." Accordingly, the Court finds that defendant must return to plaintiff the unearned "conversion funds."

The Court calculates the unearned portion of the funds by multiplying the unpurchased percentage of contracted-for postmix products by the amount of "conversion funds" initially transferred. With respect to the contract, defendant purchased all but 291,263 gallons out of the 1,000,000 gallon contract. Thus, defendant did not earn $291,263 dollars out of the $1,000,000 in "conversion funds" that plaintiff initially advanced. With respect to the addendum, defendant did not purchase any of the 500,000 contracted-

for postmix products. Thus, defendant must return the entire amount of "conversion funds" advanced pursuant to the addendum -- $819,040.00.

Based on the evidence adduced at the hearing, the facts deemed admitted pursuant to the Court's Order of January 11, 2006, and the entire record herein, the Court hereby finds and concludes that plaintiff is entitled to recover from defendant the following damages requested in its motion for judgment on the pleadings or for default judgment:

1. Liquidated damages of $.75 per unpurchased gallon on the 291,263 gallons which defendant failed to purchase under the original contract, for a total of $218,447.25.

2. Liquidated damages of $.75 per gallon on the 500,000 gallons which defendant failed to purchase under the addendum, for a total of $375,000.00.

3. Repayment of the advanced "conversion funds" relating to the 291,263 gallons which defendant failed to purchase under the original agreement, calculated at $1.00 per gallon, for a total of $291,263.00.

4. Repayment of all of the "conversion funds" advanced pursuant to the addendum, in the amount of $819,040.00, because defendant did not purchase any of the gallons it agreed to under the addendum.

5. Payment of the unpaid purchase price for products sold

and delivered by plaintiff to defendant, in the amount of $170,389.16, less rebates due defendant in the amount of $88,763.85, for a net total of $81,625.31.

6. Prejudgment interest on the total damages of $1,785,375.56, calculated at the Missouri statutory rate of nine (9) percent per annum, from March 31, 2004, through February 23, 2006, which prejudgment interest amounts to $305,739.45.

The Court issues judgment awarding these damages herein this day.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for judgment on the pleadings or for default judgment [Doc. #46] is granted.

Dated this ___23rd___ day of February, 2006.


    /s/Donald J. Stohr
    UNITED STATES DISTRICT JUDGE